KENNETH PATTON[1] & another[2]
*vs.* CITY OF MARLBOROUGH & another.[3]

Middlesex. March 4, 1993. - July 8, 1993.

Present: LIACOS. C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ

*Regulation. Tobacco. Municipal Corporations,* Board of health.

A city regulation limiting operation of cigarette vending machines to certain locations where access by minors is prohibited did not conflict with the cigarette vending machine license provisions of G. L. c. 64C, § 2, nor raise any issue of constitutionality, State or Federal. [751-752]

CIVIL ACTION commenced in the Superior Court Department on September 15, 1992.

A motion for preliminary injunctive relief was heard by *Gordon L. Doerfer,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Douglas G. Moxham* for the plaintiffs.

*James Golden, Jr.,* City Solicitor, for the defendants.

O'CONNOR, J. The plaintiffs brought this action to enjoin the enforcement of a regulation promulgated by the board of health of the city of Marlborough (board) that limits the operation of cigarette vending machines to certain locations where access by minors is restricted. After citing in § I the importance of reducing "the easy access of tobacco products to youths," the regulation in § IV E prohibits cigarette vending machines except at "[p]rivate [c]lubs and [b]ars licensed by the City of Marlborough to sell or serve alcoholic beverages" or at "[a] factory, business office, or other place not

[1]Doing business as Lakeside Exxon.

[2]Melo-Tone Vending, Inc.

[3]The board of health of Marlborough.

open to the general public where persons under 18 years of age are not permitted access." In addition, § IV E(c) mandates installation on all cigarette vending machines of "lock-out" devices. According to § II(d), a lock-out device "enables an establishment's . . . employee to directly control the sale of items through tobacco vending machines."

The plaintiff Kenneth Patton operates a gasoline station under the name of Lakeside Exxon (Lakeside). Lakeside has a licensed cigarette vending machine on its premises. The machine is owned and operated by the plaintiff Melo-Tone Vending, Inc. (Melo-Tone). The regulation prohibits the operation of the machine at the gasoline station. The board denied a request for a variance to permit the operation of the machine with a lock-out device.

The plaintiffs brought this action in the Superior Court to obtain a declaration that the regulation is invalid because it conflicts with G. L. c. 64C, § 2 (1992 ed.), the Commonwealth's licensing statute for cigarette vending machines, and the Federal and State Constitutions. The plaintiffs also sought a preliminary injunction that would have prevented the city from limiting the operation of cigarette vending machines to certain locations. A judge denied the request for a preliminary injunction. The plaintiffs filed an interlocutory appeal pursuant to G. L. c. 231, § 118, second par. (1992 ed.). We transferred the case to this court on our own initiative. We conclude that the regulation is valid.

On appeal, the plaintiffs contend that the regulation conflicts with the Commonwealth's licensing scheme provided in G. L. c. 64C, § 2, and that the Legislature has preempted the field of cigarette vending machine regulation. Also, implicitly, at least, the plaintiffs raise a procedural due process challenge to the regulation.[4] The plaintiffs' arguments are essentially the same as those we have rejected today in *Take Five Vending, Ltd.* v. *Provincetown, ante* 741 (1993). Al-

---

[4]The plaintiffs do not argue to us that the regulation denies them equal protection under the law, although they made that assertion in their complaint.

though that case involved a by-law that prohibits all sales of cigarettes by vending machine, rather than a regulation, as here, that limits access to such machines at certain locations, the conclusions we reached in *Take Five Vending, Ltd.* v. *Provincetown, supra,* are dispositive of the issues raised in this case.

We affirm the judge's denial of the plaintiffs' request for a preliminary injunction.

*So ordered.*